PEOPLE OF THE STATE OF NEW YORK *v.* STATE OF NEW JERSEY AND PASSAIC VALLEY SEWERAGE COMMISSIONERS.

IN EQUITY.

No. 3, Original. Argued November 8, 11, 12, 1918.—Order entered March 10, 1919.

Order opening case for additional and supplemental proofs, and appointing commissioner.

THIS cause came on to be heard at this Term and was argued by counsel; and it appearing that the suit was begun by bill filed October 17, 1908, that answer was filed January 4, 1909, and that the cause was put at issue by replication filed November 8, 1909; that the taking of testimony was begun on June 26, 1911, and closed on June 27, 1913, more than five years before the final argument of the cause in this court; and the court deeming it proper that additional and supplemental proofs should be taken for the following purposes:

It is ordered that the defendants may proceed with all convenient dispatch to take the testimony of not exceeding three sanitary or engineering experts, deemed by them best qualified, concerning the following subject-matters:

(1) Any practicable modification of the proposed system of sewage disposal of the Passaic Valley Sewerage Commissioners, either as to construction, arrangement, or operation, and the nature and character of sanitary or engineering appliances that may be added thereto or introduced therein, in order to lessen the alleged polluting effect of the effluent upon the waters of New York Harbor.

(2) Any practicable plan of sewage disposal or treatment capable of being applied to the sewage of the City of New York and the several Boroughs thereof in order

to lessen the alleged polluting effect of said sewage upon the waters of New York Harbor.

(3) Additional testimony (to the extent reasonably practicable within the time herein limited) as to the present degree of pollution of the waters of New York Harbor, including those parts affected or to be affected by the proposed Passaic Valley Sewerage system and by the sewage of the City of New York; and the change, if any, in the degree of such pollution since the time to which the testimony heretofore taken relates.

The taking of the above testimony by the defendants as stated in paragraphs 1 and 2, including also any testimony which said defendants may choose to offer on the subject-matter specified in paragraph 3, shall be concluded on or before the fifteenth day of June next.

The complainant shall thereupon be authorized to take the testimony of not exceeding three sanitary or engineering experts as specified in paragraphs 1 and 2, including such proof as they may elect to offer on the subject-matter covered by paragraph 3, the testimony relating to these subjects to be concluded on or before the fifteenth day of August next.

The defendants may thereupon, if they are so advised, recall in rebuttal the sanitary or engineering experts who may have been examined by them in accordance with paragraphs 1 and 2, and may also introduce rebuttal evidence relating to the subject-matter of paragraph 3, all such testimony in rebuttal to be concluded on or before the fifteenth day of September next.

James D. Maher, Esq., of the District of Columbia, is hereby appointed a commissioner to take and return the above-mentioned testimony, with the powers of a master in chancery as provided in the rules of this court.

This cause is hereby restored to the docket for further argument on a day to be fixed upon the coming in of the said testimony.